Patrick McGowan
vs.  } Law No. 85686.
Gregor Dadekhian

May 9, 1932.

CHURCHILL, J. Heard on motion for a new trial filed by the defendant after a verdict for the plaintiff for $6,400 in an action for negligence.

The plaintiff was injured as a result of a collision with a truck owned by the defendant and being operated at the time by his son. The accident took place on October 3, 1930, about 1:30 p. m. in an area at the junction of Valley Street, Raymond Street, West Park Street and Pleasant Valley Parkway in Providence. A traffic beacon is located about in the center of this area. The plaintiff, a man about 62 years of age, was riding a bicycle and was on his way to work, intending to go westerly down Valley Street. The defendant was proceeding easterly on Valley Street.

The plaintiff testified that he left his home on Ayrault Street, passed down Raymond Street, passed the beacon on its right and was turning the corner, being on his right hand side at the time, and when near the right hand curbing, the defendant, coming up Valley Street, cut the corner to his (defendant's) left and collided with the plaintiff, knocking him off his bicycle.

The contention of the defendant is that he was in his truck, his son driving; that they were going easterly on Valley Street and as they passed, or were about to pass the beacon on its right, the plaintiff, coming out of Valley Street, was startled by an automobile coming down Raymond Street from the north, that the plaintiff lost control of his bicycle and ran into the truck; that at that time the truck was on the south side of Valley Street, that is to say on its right hand side in the direction in which the truck was proceeding.

The testimony of the plaintiff is corroborated in whole or in part by the testimony of four witnesses: Catherine Cullian, her sister Mary, Vincent T. Needham and George H. Higgins. As is natural and perhaps inevitable in such cases, the testimony of the witnesses, including that of the plaintiff, is not entirely in accord as to the exact point at which the plaintiff was struck or where he was lying in the street when first seen just after the accident; but there is substantial agreement that the accident happened and the plaintiff was seen lying in the street in the area between the beacon and the curb line of Raymond Street and Valley Street and nearer the curb than the beacon. The plaintiff himself put the scene of the accident as near the electric light pole at the corner of Valley Street and Raymond Street.

Catherine Cullian and her sister Mary were apparently disinterested witnesses. They were walking southerly on Raymond Street just before the accident. Catherine states that she had reached a point near a store at the corner of Raymond and Valley Streets and saw the plaintiff going down Raymond Street on the right hand side of the street in the direction in which he was proceeding; saw him turning, or about to turn into Valley Street; that he was at that time near the right hand curbing and at that moment the defendant's truck, coming up Valley Street, cut to its left and ran into the plaintiff. Mary was a little distance behind her sister Catherine when the accident occurred. She did not see the actual contact but saw McGowan on the right hand side of Raymond Street and saw the truck passing into Raymond Street to the left of the beacon.

The testimony of these witnesses is challenged vigorously by the defendant and chiefly on the ground that they could not have been where they claimed

they were when they saw the events to which they testified. This attack is based on the fact that they were on Ayrault Street when the plaintiff passed them on his bicycle and that they, therefore, could not have reached the vicinity of the store on Raymond Street in time to have viewed the collision. The exact point in Ayrault Street where the plaintiff passed them is not in evidence. From the corner of Ayrault Street to the store, taking the course followed by these two witnesses, is approximately 150 feet; from the center of the intersection of Ayrault Street to the electric light pole on Valley Street, measured along the course testified to by the plaintiff, is in the neighborhood of 230 feet. There is not sufficient testimony in this record to enable this Court to pronounce that the two Cullian sisters could not have arrived in the vicinity of the store at the time when the plaintiff had reached the point where he claims the accident took place.

The testimony of the sisters is also assailed for inconsistencies appearing therein, and also because one of them could not point out the exact place of the accident. This may well be so but in any event the general credibility of these two witnesses was not shaken to such a degree that this Court can say that the jury, as reasonable men, were not warranted in believing their testimony in its essential features.

The testimony of Higgins and Needham may be briefly disposed of. They did not see the collision but they saw the plaintiff lying in the street immediately after the collision. They were in an automobile going in a northerly direction on Pleasant Valley Parkway and were intending to go around the beacon and into Valley street. When they attempted to round the beacon, they saw the plaintiff lying in the street between the beacon and the west side of Raymond Street and nearer the curb than the beacon. In the argu-

ment criticism was made of the testimony of the plaintiff. It is true he was not particularly frank in his testimony as to a previous accident and there is testimony from a police officer as to statements made by plaintiff which bears out the claim of the defendant as to the manner in which the accident happened.

If the testimony of the plaintiff stood alone and uncorroborated, these points might raise a serious question but on the determinative questions in the case, the plaintiff's version is sustained by the evidence of apparently disinterested witnesses.

The defendant's side of the controversy was upheld by himself and by his son but was not aided by the testimony of any other eye witness, and the points of their testimony have already been adverted to.

On the issues of due care and negligence a fair question for the jury was presented and the verdict was sustained by a fair preponderance of the evidence.

The defendant also attacks the damages as excessive.

The plaintiff was a man about 62 years of age, and was employed as a janitor in a school at a weekly wage of .$25. As a result of the accident he received a fracture of both bones of the right leg and on the weight of the evidence it is clear that he has a permanent shortening of this leg of from three-quarteres of an inch to an inch, which will impair his capacity to work at his usual occupation. An operation was necessary to effect the proper union of the bones. He was in a hospital for four months, undergoing treatment, and since his return to work he has been obliged to hire a portion of his work done for him and has paid for such work at the rate of $5 a week. There is credible testimony that this situation will continue. His total outlay on account of the accident amounts to $2,000 in round figures.

Taking into account his actual outlay, his impaired earning capacity in the future, due to the permanent injury, and his pain and suffering, the judgment of this Court is that the amount of damages awarded is not excessive. The verdict does justice between the parties and is sustained by a fair preponderance of the evidence.

The motion for a new trial is hereby denied.

For plaintiff: John F. O'Connell.

For defendant: Boss & McMahon.